705 A.2d 1186

Shawn R. TORBOLI

v.

Joseph A. TORBOLI.

No. 331, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Feb. 25, 1998.

Thomas A. Wade, Hagerstown, for appellant.

Carol L. McCulloch, Sykesville, for appellee.

Argued before CATHELL * and HOLLANDER, JJ., and ROBERT F. SWEENEY, Judge (retired), Specially Assigned.

ROBERT F. SWEENEY, Judge (retired), Specially Assigned.

Appellant, Shawn Torboli ("Mrs. Torboli"), filed a petition in the Circuit Court for Washington County seeking to enforce certain terms of a protective order issued by that court against appellee, Joseph A. Torboli ("Mr. Torboli"). The court dismissed Mrs. Torboli's petition, and she filed a timely appeal.

---

\* Cathell, J., now a member of the Court of Appeals, participated in the conference and decision of this case while a member of this Court; he participated in the adoption of this opinion as a member of this Court by special designation.

## ISSUE

Mrs. Torboli raises a single issue, which we rephrase: Does Md.Code (1997 Supp.) § 4–506(g) of the Family Law Article prohibit a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions which constituted the violations occurred while the protective order was in effect?

## FACTS

On June 22, 1995, the Circuit Court for Washington County issued a protective order to Mrs. Torboli. That order required Mr. Torboli, *inter alia*, to refrain from harassing Mrs. Torboli, and to stay away from her residence and place of employment. It also mandated that Mr. Torboli pay Mrs. Torboli $750 per month until the order's termination date of January 8, 1996.

Whether Mr. Torboli made all of the required payments is disputed by the parties. Mrs. Torboli claims that Mr. Torboli failed to make a number of the payments while the order was in effect; and on October 4, 1996, she filed a petition in the Circuit Court for Washington County making such an allegation and asking that Mr. Torboli be ordered to fulfill his financial obligations under the order.

On December 13, 1996, the circuit court held a hearing on the matter. At that proceeding, the court did not take any evidence from the parties; rather, it disposed of the petition on the ground that it had no jurisdiction to act on Mrs. Torboli's request. According to the court, Md.Code § 4–506(g) of the Family Law Article prohibits a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions which constituted the violations occurred while the protective order was in effect. The court's ruling reads, in relevant part:

This case came before the Court on Shawn R. Torboli's Petition by counsel seeking sanctions and enforcement of a Protective Order for household violence, (Family Law § 4–504 et seq.) and specifically seeking arrearages for failure to

pay emergency family maintenance pursuant to the Protective Order. The underlying Protective Order was dated June 22, 1995 and by its terms was effective to January 8, 1996. The Petition itself recites that the [sic] "That Protective Order was to terminate on January 8, 1996" and was not filed until October 15, 1996, patently beyond the expiration of the Protective Order in January and beyond the limitation of 200 days as provided in Family Law § 4–506(g).

This Court therefore has no authority to grant any relief under the expired Order and a hearing is not necessary in that regard, since, on the face of the Petition and under the law, the Court would be essentially dealing with a closed case.

## DISCUSSION

Md.Code § 4–506(g) of the Family Law Article provides, in relevant part, that "all relief granted in a protective order shall be effective for the period stated in the order[.]" [1] The circuit court interpreted this language to prohibit a court from enforcing or otherwise addressing violations of an expired protective order even when the acts or omissions which consti-

---

1. At the time the lower court heard this case, the whole of § 4–506(g) read as follows:
   (g) *Duration.*—All relief granted in a protective order shall be effective for the period stated in the order, not to exceed 200 days. This provision was added to § 4–506 on October 1, 1992, and is found, most recently, in the 1996 Supplement to the Family Law Article.
   On October 7, 1997, an amended version of § 4–506(g) became effective; the whole of that new version provides as follows:
   (g) *Duration.*—(1) Except as provided in paragraph (2) of this subsection, all relief granted in a protective order shall be effective for the period stated in the order, not to exceed 12 months.
   (2) A subsequent circuit court order pertaining to any of the provisions included in the protective order shall supersede those provisions in the protective order.
   The change in § 4–506(g) has no effect on our analysis in this appeal because the language we are required to interpret—"all relief granted in a protective order shall be effective for the period stated in the order[ ]"—is the same in both versions of § 4–506(g).

tuted the violations occurred while the protective order was in effect.

In this appeal, both Mr. and Mrs. Torboli contend that the circuit court incorrectly interpreted § 4–506(g). They argue that § 4–506(g) does not prevent a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions which constituted the violations occurred while the protective order was in effect. We agree, and therefore will reverse the decision of the circuit court and remand the case for further proceedings.

Again, the issue is whether § 4–506(g)'s statement that "all relief granted in a protective order shall be effective for the period stated in the order[ ]" prohibits a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions which constituted the violations occurred while the protective order was in effect. To answer this question, we must construe the relevant statutory language.

When interpreting a statute, our job is to effectuate the intent of the legislature. *Schweitzer v. Brewer*, 280 Md. 430, 438, 374 A.2d 347 (1977). The primary source for determining the legislative intent is the language of the statute itself; and if that language is clear and unambiguous, a court will generally look no further in its determination of legislative intent. *Id.* Further, such clear and unambiguous language is granted its ordinary meaning. *Id.* Finally, all the parts of a statute should be reconciled as much as possible, "and none of its words, clauses, phrases, or sentences [should] be rendered surplusage or meaningless." *Id.* Put another way, "[r]esults that are unreasonable, illogical or inconsistent with common sense should be avoided wherever possible consistent with the statutory language." *Id.* at 438–39, 374 A.2d 347.

The language at issue here—"all relief granted in a protective order shall be effective for the period stated in the order[ ]"—is, by our reading, clear and unambiguous. Given its ordinary signification, this language simply means what it says—that the relief granted by a protective order, which

generally mandates that a person refrain from certain acts (*e.g.* harassing someone, or going near a certain person, house, or place of employment), only lasts for the duration of the order, and no longer. Put another way, the language simply clarifies the fact that a person need not obey a protective order's injunctive commands after it has expired. It also clarifies that a protective order's affirmative mandates—such as an order to pay money—only operate while the order is in effect. That language, however, does not mean that acts or omissions which occur while the protective order is in effect and which constitute violations of the order may not be addressed by a court after the order has expired. The ordinary meaning of the relevant language does not lend itself to such an interpretation at all.

Further, to interpret the quoted language from § 4–506(g) to prohibit a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions which constituted the violations occurred while the protective order was in effect would lessen the force of the protective order statute. This is because such an interpretation—as both parties correctly note—would give a person less incentive to obey a protective order in the last days of its operation. A refusal to obey the dictates of the order, under the circuit court's interpretation of § 4–506(g), would not be punishable by a contempt or an enforcement action after the expiration of the order.

In sum, applicable principles of statutory construction require that we reject the circuit court's interpretation of § 4–506(g). We therefore hold that § 4–506(g) does not prohibit a court from enforcing or otherwise addressing violations of an expired protective order when the acts or omissions that constituted the violations occurred while the protective order was in effect.

In this case, Mrs. Torboli alleges that Mr. Torboli did not make payments required by the applicable protective order. Mr. Torboli disputes that allegation. This dispute should be resolved, in the first instance, by the circuit court. But

certainly, if Mr. Torboli did violate the dictates of the protective order while the order was in effect, the circuit court does have the power to address such a violation.

**JUDGMENT OF THE CIRCUIT COURT FOR WASH-INGTON COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSIS-TENT WITH THIS OPINION.**

**COSTS TO BE PAID ½ BY MRS. TORBOLI, AND ½ BY MR. TORBOLI.**